UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No.: 8:25-cv-00384-FWS-JDE                                         Date: March 3, 2025

Title: *Amar Pramod Amte v. Equifax Information Services LLC, et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                              Attorneys Present for Defendant:

Not Present                                                                      Not Present

**PROCEEDINGS: ORDER *SUA SPONTE* REMANDING CASE AND DENYING AS MOOT MOTION TO REMAND [8]**

    Plaintiff Amar Pramod Amte ("Plaintiff") filed this case in Orange County Superior Court, asserting a single claim against Defendant Equifax, Inc. ("Defendant") for violation of the California Consumer Credit Reporting Agencies Act. (Dkt. 1-1 ("Complaint" or "Compl.").) Defendant removed the case to this court, erroneously stating that the Complaint asserts claims under both the Fair Credit Reporting Act and the California Consumer Credit Reporting Agencies Act. (Dkt. 1 ("Notice of Removal" or "NOR") ¶ 1.) Based on this erroneous statement of fact, Defendant asserted that the court has federal jurisdiction over this case. (*Id.* ¶¶ 4-8, 13.) Defendant then filed a Motion to Remand Case to Orange County Superior Court, stating that "upon further review, [Defendant] believes it removed this matter in error and Plaintiff's claims do not invoke any federal statutes, treaties, or constitutional provisions," and "request[ing] that this matter be remanded back to state court which has jurisdiction to hear Plaintiff's claims." (Dkt. 8 ("Motion").)

    A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | **JS-6** |

### CIVIL MINUTES – GENERAL

Case No.: 8:25-cv-00384-FWS-JDE                                                    Date: March 3, 2025

Title: Amar Pramod Amte v. Equifax Information Services LLC, *et al.*

[Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A "court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

In this case, the court finds that the court does not have subject matter jurisdiction over this case. Under the "well-pleaded complaint rule," federal question jurisdiction is present only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). No federal question appears on the face of the Complaint, which asserts a single state law claim. (*See generally* Compl.) Nor does Defendant contend that diversity jurisdiction exists. (*See generally* NOR; *see also* Mot.)

Because the court finds this case was not properly removed, the court *sua sponte* **REMANDS** the case to Orange County Superior Court in case number 30-2025-01455095-CU-BT-CJC. The Motion is therefore **DENIED AS MOOT**. In addition, the court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for April 3, 2025, (Dkt. 9), is **VACATED** and off calendar.